# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD REECE,

     *Plaintiff*,

vs.

K. GEDNEY*, et al.*

     *Defendants*.

3:11-cv-00639-ECR-WGC

SCREENING ORDER

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis*, on a motion for appointment of counsel submitted with the complaint, and for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that merely constitute formulaic recitations

1  of the elements of a cause of action and that are devoid of further factual enhancement are

2  not accepted as true and do not state a claim for relief. *Id.*

3       Allegations of a *pro se* complainant are held to less stringent standards than formal

4  pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30

5  L.Ed.2d 652 (1972).

6       The complaint sufficiently alleges claims under the Eighth Amendment for alleged

7  deliberate indifference to serious medical needs in the denial of a medical mattress that

8  plaintiff alleges is medically necessary to help alleviate chronic pain from degenerative joint

9  disease.  The prayer for injunctive relief supports a claim against defendants in their official

10 capacity although monetary damages potentially may be recovered from them only in their

11 individual capacity.  The underlying specific factual allegations in the "nature of the case"

12 portion of the complaint form adequately state a claim against each defendant, over and

13 above the otherwise conclusory allegations in the individual counts against each defendant.

14 In this regard, the Court has read the allegations of the *pro se* complaint as a whole.

15      On the motion for appointment of counsel, there is no constitutional right to appointed

16 counsel in a § 1983 action.  *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

17 *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*).  The

18 provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request

19 that an attorney represent an indigent civil litigant. *See,e.g., Wilborn v. Escalderon*, 789 F.2d

20 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to

21 represent any person unable to afford counsel.").  Yet the statute does not give the court the

22 authority to compel an attorney to accept appointment, such that counsel remains free to

23 decline the request.  *See Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct.

24 1814, 104 L.Ed.2d 318 (1989).  While the decision to request counsel is a matter that lies

25 within the discretion of the district court, the court may exercise this discretion to request

26 counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017

27 (9th Cir. 1991).  A finding of exceptional circumstances requires an evaluation of both the

28 likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in

light of the complexity of the legal issues involved. *Id.* Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

In the present case, the claims potentially have merit on the allegations presented, depending ultimately upon the underlying medical evidence. However, the issues are not complex, and plaintiff has demonstrated an adequate ability to articulate his claims. The Court accordingly does not find that exceptional circumstances warrant requesting a private attorney to voluntarily represent plaintiff in this matter. *Cf. Mallard, supra.*

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and accompanying motion for appointment of counsel, that said motion is DENIED, and that the Clerk shall reflect the denial of the motion by this order in the docket entry for the motion.

IT FURTHER IS ORDERED that:

1.  A decision on the application (#1) to proceed *in forma pauperis* is DEFERRED.

2.  This action is STAYED for ninety (90) days to allow plaintiff and defendant(s) an opportunity to settle their dispute before an answer is filed or the discovery process begins. During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The Court will decide whether this case will be referred to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior the end of the 90-day stay. If the parties  proceed with this action, the Court then will issue an order setting a date for the defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

2. "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

3. The Clerk shall electronically serve a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

4. The Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED:        February 21, 2012.


_Edward C. Reed._
EDWARD C. REED
United States District Judge

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD REECE,

     *Plaintiff,*

vs.

K. GEDNEY, *et al.*,

     *Defendants.*

3:11-cv-00639-ECR-WGC

**REPORT OF THE OFFICE OF THE ATTORNEY GENERAL RE:  RESULTS OF THE 90-DAY STAY**

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [the date of the issuance of the screening order], the court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed.  The court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the court's screening order to indicate the status of the case at the end of the 90-day stay.  By filing this form, the Office of the Attorney General hereby complies.

REPORT FORM

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature bloc.]

_____ A mediation session with a court-appointed mediator was held on _____ [enter date], and as of this date, the parties have reached a settlement, even if paperwork to memorialize the settlement remains to be completed.  (If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.)

_____   A mediation session with a court-appointed mediator was held on _____ [enter date], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [enter date].

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____   None of the above five statements describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature bloc.]

_____   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement, even if the paperwork to memorialize the settlement remains to be completed.   (If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)

_____   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

_____   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____   None of the above three statements fully describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____          _____
                                Print                                                    Signature

Address: _____          Phone: _____

_____          Email: _____

_____